IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LIAM HASTINGS; *et al.*                                                                           PLAINTIFFS

v.                                          Case No. 4:18-cv-4079

FCA US LLC f/k/a/ CHRYSLER
GROUP, LLC; *et al.*                                                                              DEFENDANTS

# ORDER

Before the Court is Plaintiffs' Motion for Dismissal Without Prejudice. (ECF No. 21). Separate Defendant Quadratec, Inc. ("Quadratec") filed a response. (ECF No. 22). Plaintiffs filed a reply. (ECF No. 23). No other party has responded, and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

On May 10, 2018, Plaintiffs filed this products liability and negligence action against Separate Defendants Quadratec; FCA US LLC; and Lonnie McMurray's Four-Wheel-Drive-Center, Inc. On June 1, 2018, Quadratec filed its answer to Plaintiffs' complaint and asserted crossclaims against Separate Defendants FCA US LLC and Lonnie McMurray's Four-Wheel-Drive-Center, Inc. On July 6, 2018, Plaintiffs filed the instant motion pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiffs ask the Court to dismiss their claims against Defendants without prejudice.

On July 10, 2018, Quadratec responded to the instant motion. Quadratec states that it denies that Plaintiffs' complaint states a claim or that Plaintiffs' complaint was timely filed. Quadratec also states that on June 19, 2018, it sent Plaintiffs a spoliation notice and requested that Plaintiffs preserve certain evidence, but Plaintiffs did not respond. Quadratec states further that it will only agree to dismissal of Plaintiffs' claims without prejudice if Plaintiffs are directed to preserve evidence as set forth in the June 19, 2018, spoliation notice. Quadratec also asks the Court to direct Plaintiffs to, prior to dismissal, provide Quadratec with all documentation related to their alleged purchase of the vehicle

and suspension kit in question and all contacts and communications between Plaintiffs and the entity from which Plaintiffs purchased the suspension kit.[1] Quadratec finally requests that, if the Court dismisses Plaintiffs' claims without prejudice, that the Court also dismiss without prejudice Quadratec's crossclaims against the other Defendants.[2]

The Court will first address whether to grant Plaintiffs' motion for dismissal of their claims without prejudice. If the Court answers that question in the affirmative, it will then determine whether to impose any of the conditions requested by Quadratec.

**I. Dismissal of Claims**

Federal Rule of Civil Procedure 41 governs the dismissal of actions. An action may be dismissed by court order at the plaintiff's request, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011).

Upon consideration, the Court finds that the balance of these factors weighs in favor of granting Plaintiffs' motion for voluntary dismissal. Although Plaintiffs' motion does not set forth an explanation for their desire to dismiss, their reply brief states that minor children involved in this case are undergoing additional treatment and, accordingly, Plaintiffs and their counsel decided it would be best to seek dismissal so that the additional treatment could be completed before proceeding with

---

[1] Later in its response, Quadratec also asks that the Court require Plaintiffs to provide the identity of the person who installed the suspension kit.

[2] Quadratec does not make this request in a separate motion. However, in the interest of conserving time and resources for all parties, the Court will construe this request as a Rule 41(a)(2) motion. No party has responded to or acknowledged Quadratec's request for dismissal, so the Court will consider the request to be unopposed.

litigation. The Court is satisfied with this explanation.

There is no indication that Plaintiffs seek dismissal based on a desire to escape an adverse decision or to seek a more favorable forum, and Defendants have not argued as such. The Court has issued no rulings—adverse or otherwise—in this case which Plaintiffs could be said to seek dismissal to escape, and Plaintiffs initially filed the case in this Court. Presumably, if they choose to refile, they would do so in this Court, as well.

Dismissal of this case would not result in a waste of judicial time or resources, as the case is in its early stages, with little, if any, discovery having taken place. As previously indicated, the only judicial resources expended on this case thus far have been issuing an Initial Scheduling Order and deciding the instant motion.

Defendants do not argue that they would be prejudiced by dismissal. At most, Quadratec states that it appears that Plaintiffs intend to refile their lawsuit at a later date. Any harm to Defendants from a second action would be minimal. *See id.* at 1214 ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice."). Defendants have not been required to expend a significant amount of time or resources in defending this case, as they have only filed pleadings thus far. Thus, the Court finds that Defendants would not be unfairly prejudiced by dismissal.

For the above-discussed reasons, the Court finds that dismissal without prejudice is appropriate. As a result, the Court finds that Plaintiffs' claims against Defendants, and Quadratec's crossclaims against the other Defendants, should be dismissed without prejudice.

**II. Imposition of Conditions**

The Court now turns to Quadratec's request that the Court impose certain conditions on the dismissal of Plaintiffs' claims.

"When a Court grants a dismissal under Fed. Rule Civ. P. 41(a)(2), the Court has the authority to impose such terms and conditions as the court deems proper." *Plumlee v. Humana Ins. Co.*, No.

3

4:09-cv-0780-GTE, 2010 WL 11530668, at *3 (E.D. Ark. May 28, 2010). The purpose of doing so "is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987); *Karsjens v. Jesson*, No. CIV. 11-3659 DWF/JJK, 2015 WL 3755930, at *1 (D. Minn. June 17, 2015) ("If a court determines that a dismissal without any terms or conditions will prejudice defendants, . . . the court [may] grant the motion and attach conditions that cure the prejudice.").

Quadratec asks the Court to condition Plaintiffs' dismissal on them disclosing to Quadratec certain information prior to dismissal. Plaintiffs argue in reply that Quadratec does not cite authority supporting the imposition of such conditions. Specifically, Plaintiffs argue that, if necessary, the sought-after information can be obtained by defense counsel at a later date. Plaintiffs also argue that the sought-after information has no bearing on the instant motion for voluntary dismissal.

The Court agrees with Plaintiffs. The Court will not condition dismissal on Plaintiffs first disclosing certain information to Quadratec. Quadratec provides no reason why it requires disclosure of the information it requests prior to the dismissal of Plaintiffs' claims. Nor does Quadratec argue that it would somehow suffer prejudice if it does not receive said information before dismissal. As such, the Court sees no reason to condition dismissal on Plaintiffs first disclosing the requested information to Quadratec. *See Walker v. Braner USA, Inc.*, No. 4:13-cv-0272-KGB, 2014 WL 1874958, at *1 (E.D. Ark. May 8, 2014) (denying a defendant's requested Rule 41(a)(2) condition because the defendant did not argue that it would be prejudiced without the condition). If Plaintiffs refile the case, Quadratec may seek the requested information through formal discovery or through other informal means.

Quadratec also asks the Court to condition Plaintiffs' dismissal on their obligation to preserve evidence in accordance with a June 19, 2018, spoliation notice. Plaintiffs concede that the initiation of this litigation triggered the duty to preserve evidence for all parties. However, Plaintiffs argue that Quadratec's requested condition regarding preservation of evidence is too broad, as it requests a

condition being placed solely upon Plaintiffs to preserve "all evidence related to (the) alleged claims." Plaintiffs state that they have no issue with the fundamental concept that every party to this litigation now has a duty to take reasonable steps to ensure that all evidence bearing on the issues in this case be preserved in a reasonable manner.

The Court also declines to condition dismissal of Plaintiffs' claims on their compliance with Quadratec's June 19, 2018, spoliation notice. Although Quadratec does not explain why it asks for this condition or argue that it would be prejudiced without it, the Court presumes that Quadratec seeks this condition to ensure that all relevant evidence is preserved in anticipation of Plaintiffs eventually refiling this case. Plaintiffs indicate a willingness to take reasonable measures to preserve any relevant evidence in this case if the other parties also take the same measures. The Court is satisfied from this statement that Quadratec's presumed reason for requesting the condition—preservation of relevant evidence—will be accomplished without imposing conditions. If Plaintiffs refile the case and a party believes that another party has committed spoliation of evidence, the Court will entertain an appropriate Rule 37 motion at that time.

**III. Conclusion**

For the above-discussed reasons, the Court finds that good cause has been shown for the motion. Accordingly, Plaintiffs' motion (ECF No. 21) is hereby **GRANTED**. Plaintiffs' claims and Quadratec's crossclaims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge